TASSEL ET AL., APPELLANTS, *v.* THE DAMASCUS TOWNSHIP LOCAL BOARD OF EDUCATION, APPELLEE.

(No. 371—Decided February 21, 1961.)

*Mr. George A. Meekison* and *Mr. Otto W. Hess*, for appellants.

*Mr. Edmund G. Peper*, prosecuting attorney, for appellee.

*Per Curiam.* Plaintiffs, being taxpayers, residents and citizens of the territory within the jurisdiction of the Damascus

Township Local Board of Education, brought suit in the Common Pleas Court against such board, their amended petition alleging, among other things, that one F. J. Neiderhiser has been employed by that board as "superintendent" of the grade and high school operated by the board, "under a contract previously entered into between said board of education and said F. J. Neiderhiser, which contract has expired or is about to expire," and that the board threatens to and will "rehire said F. J. Neiderhiser as said superintendent of said public grade and high school unless enjoined by the order of this court." The petitioners then pray that the board "may be permanently enjoined from entering into any contract of employment with the said F. J. Neiderhiser whereby said F. J. Neiderhiser is employed as superintendent of the public grade and high school."

To this petition the board filed a demurrer on the ground that the petition does not state a cause of action. The trial court sustained the demurrer for the stated reason that "principals and superintendents are classed as teachers and are protected under Section 3319.16, which would set up the administrative procedure necessary to be followed and the right to appeal to" the trial court. Upon the plaintiffs failing to plead further, their amended petition was dismissed. It is from this judgment that this appeal has been taken, the plaintiffs claiming error of law in the sustaining of the demurrer.

Reference to Section 3319.16, Revised Code, shows that the procedure prescribed therein is that pertaining to the termination of a teacher's contract for cause at some time before the contract terminates by the mere expiration of time. The plaintiffs herein are not seeking by their petition to cause the termination of Neiderhiser's existing contract or his removal as a teacher, but are attempting to prevent his being rehired as superintendent. Indeed, from the allegations of the petition, to which both the trial court and this court must confine their consideration when determining the ground of a demurrer, it appears that as "superintendent" he did not have even the benefit of a continuing contract, for the allegation is that his contract has or is about to expire. By its demurrer the defendant board admits, for the purpose of testing the sufficiency of the petition, that this allegation is true.

The relief prayed for is not that Neiderhiser not be

re-employed as a teacher, but merely that he not be re-employed as superintendent of the public grade and high school of this local school district.

Notwithstanding the fact that the principal, or administrative head, of schools of a local school district is often casually referred to as the superintendent of such schools, there is no authority in law for a board of education of any local school district to employ anyone as superintendent of the schools of such district. In testing a petition on demurrer we must give meaning to the words and terms used therein in their technical and legal sense and not by colloquial usage. The authority bestowed upon boards of education by the provisions of Section 3319.01, Revised Code, for the appointment of a superintendent of schools is limited to boards of education in county, city and exempted village school districts and does not extend to boards of education of local school districts, as herein involved. (In local school districts even a principal of schools may not be employed unless nominated by the county superintendent of schools—Section 3319.07, Revised Code.)

It can only be concluded from the allegations of the amended petition that the defendant board, unless enjoined, will attempt to do something which it is not authorized by law to do, i. e., employ a superintendent of schools. For it to proceed to do so would be more than an abuse of discretion, it would constitute a violation of law, and, upon proper proof, should be enjoined. Such injunction, however, would not operate to prevent the defendant board from employing Neiderhiser as a teacher, or principal, in the manner provided by law.

It is our opinion and judgment, therefore, that the judgment of the trial court dismissing plaintiffs' petition and sustaining the demurrer be reversed and vacated and that this cause be remanded to the trial court with instructions to overrule the demurrer and for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

GUERNSEY, P. J., YOUNGER and MIDDLETON, JJ., concur.